# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMY M. RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case number 4:11cv0024 TCM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

    This is a 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (the Commissioner), denying the applications of Amy M. Richardson for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433, and for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383b. Pending is the Commissioner's unopposed motion to remand.

    Plaintiff applied for DIB and SSI in May 2008, alleging a disability beginning the month before and caused by bipolar disorder, adjustment disorder, attention-deficit hyperactivity disorder, and foot problems. Following a hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) found her impairments to be severe but not of listing-level severity. The ALJ further found that Plaintiff had the residual functional capacity to perform light work with a sit/stand option and requiring only

simple instructions, non-detailed tasks, simple-work related decisions, and a normal pace with no production quotas. The Appeals Council denied her request for review, thereby adopting the ALJ's adverse decision as the final decision of the Commissioner.

In his pending motion, the Commissioner states that the case will be remanded to the ALJ to "fully assess Plaintiff's residual functional capacity, including appropriate restrictions to account for each of the limitations required under the psychiatric review technique" and "to obtain vocational evidence as necessary . . . ." (Mot. at 1-2.)

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[1] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

---

[1] Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**.  [Doc. 14]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of April, 2011.